RMT:SME/DWD
F. #2018R02136



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

MOHAMED TAHLIL MOHAMED,
   also known as "Tahlil Mohamed,"
   "Mohamed Tahlil," "Maxamed
   Tahliil Guure," "the Taliye" and
   "Mohamed the Taliye," and
ABDI YUSUF HASSAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>18-603 (S-1) (ARR)</u>
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
  924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
  924(c)(1)(B)(ii), 924(o), 981(a)(1)(C),
  1201(a)(1), 1201(c), 1203(a),
  1203(b)(1), 3238, 2 and 3551 <u>et</u> <u>seq.</u>; T.
  21, U.S.C., § 853(p); T. 28, U.S.C., §
  2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Kidnapping Conspiracy)

     1.    In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for this offense occurred, was first brought to and found in

the Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally conspire to seize, confine, inveigle, decoy, kidnap, abduct and

carry away and hold, for ransom and reward and otherwise, a person, to wit: John Doe, an

individual who is a dual citizen of the United States and another country and whose identity is known to the Grand Jury, and to use one or more means, facilities and instrumentalities of interstate and foreign commerce, to wit: cellular telephones, in committing and in furtherance of the commission of the offense, contrary to Title 18, United States Code, Section 1201(a)(1).

2.      In furtherance of the conspiracy and to effect its objects, the defendants did commit and cause to be committed, among others, the following:

<u>Overt Acts</u>

(a)      On or about January 21, 2012, several co-conspirators not named as defendants herein abducted John Doe in Galkayo, Somalia.

(b)      In or about February 2012, MOHAMED arrived at the encampment where John Doe was being held in the vicinity of Hobyo, Somalia.

(c)      In or about and between February 2012 and April 2012, MOHAMED issued directions to guards armed with automatic rifles and handguns and holding John Doe captive.

(d)      In or about early March 2012, MOHAMED, while carrying an automatic rifle, helped transport John Doe from one location to another.

(e)      In or about May 2012, while MOHAMED's and HASSAN's co-conspirators held John Doe hostage on board a hijacked vessel off the coast of Somalia, MOHAMED boarded the vessel.

(f)      In or about April 2014, MOHAMED's and HASSAN's co-conspirators moved John Doe to a house in the vicinity of Galkayo, Somalia, where HASSAN was present.

   (g) In or about early April 2014, HASSAN instructed John Doe to place a phone call to an individual located in the United States in order to secure a larger ransom payment for John Doe's release.

   (h) In or about May 2014, HASSAN instructed John Doe to make a recording in order to secure a ransom payment for John Doe's release, which John Doe then did in HASSAN's presence.

   (Title 18, United States Code, Sections 1201(c), 3238 and 3551 et seq.)

COUNT TWO<br>(Kidnapping)

   3. In or about and between January 2012 and September 2014, both dates being approximate and inclusive, in an offense begun and committed in Somalia and elsewhere out of the jurisdiction of any particular State or district of the United States, the defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed," "Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye," who, after the conduct required for the offense occurred, was first brought to and found in the Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did knowingly and intentionally seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: John Doe, and use one or more means, facilities and instrumentalities of interstate and foreign commerce, to wit: cellular telephones, in committing and in furtherance of the commission of the offense.

   (Title 18, United States Code, Sections 1201(a)(1), 3238, 2 and 3551 et seq.)

## COUNT THREE
(Hostage-Taking Conspiracy)

4.      In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally conspire to seize and detain and threaten to kill, injure and

continue to detain a person, to wit: John Doe, in order to compel a third person to do an act,

to wit: to pay a sum of United States currency, as an explicit and implicit condition for the

release of the person seized and detained.

(Title 18, United States Code, Sections 1203(a), 1203(b)(1), 3238 and 3551 et

seq.)

## COUNT FOUR
(Hostage Taking)

5.      In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally seize and detain, and threaten to kill, injure and continue to

detain a person, to wit: John Doe, in order to compel a third person to do an act, to wit: to

pay a sum of United States currency, as an explicit and implicit condition for the release of

the person seized and detained.

(Title 18, United States Code, Sections 1203(a), 1203(b)(1), 3238, 2 and 3551

et seq.)

## COUNT FIVE
(Unlawful Use of Firearms)

6.    In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally use and carry one or more firearms during and in relation to one

or more crimes of violence, to wit: the crimes charged in Counts One through Four, and did

knowingly and intentionally possess such firearms in furtherance of said crimes of violence,

one or more of which firearms was brandished and discharged, and one or more of which firearms was a machinegun and a destructive device.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 3238, 2 and 3551 et seq.)

## COUNT SIX
(Firearms Conspiracy)

7.      In or about and between January 2012 and September 2014, both dates being approximate and inclusive, in an offense begun and committed in Somalia and elsewhere out of the jurisdiction of any particular State or district of the United States, the defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed," "Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye," who, after the conduct required for the offense occurred, was first brought to and found in the Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did knowingly and intentionally conspire to use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One through Four, and to possess such firearms in furtherance of said crimes of violence, one or more of which firearms was a machinegun and a destructive device.

(Title 18, United States Code, Sections 924(o), 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

8.      The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such

offenses to forfeit any property, real or personal, constituting, or derived from, proceeds

obtained directly or indirectly as a result of such offenses, including but not limited to a sum

of money representing the amount of proceeds obtained as a result of the offenses.

        9.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be

divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

        (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

        A TRUE BILL

        _____
        FOREPERSON

        BY: _____
        ACTING UNITED STATES ATTORNEY
        PURSUANT TO 28 C.F.R. 0.136

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#:2018R02136

FORM DBD-34
JUN. 85

No.  18-CR-603 (S-1) (ARR)

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"*
*"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and*
*"Mohamed the Taliye," and ABDI YUSUF HASSAN,*

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(c)(1)(B)(ii), 924(o), 981(a)(1)(C), 1201(a)(1), 1201(c), 1203(a),
1203(b)(1), 3238, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

*A true bill.*

_____ Catherine Maz _____
*Foreperson*

*Filed in open court this* _____ *day, of* _____ *A.D. 20* __
*Clerk*

*Bail, $* _____

*David W. Denton, Jr., Special Assistant U.S. Attorney, 212-637-2744*