RMT:DWD/JEA
F. #2018R02136

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 09 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MOHAMED TAHLIL MOHAMED,
    also known as "Tahlil Mohamed,"
    "Mohamed Tahlil," "Maxamed
    Tahliil Guure," "the Taliye" and
    "Mohamed the Taliye," and
ABDI YUSUF HASSAN,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 18-603 (S-2) (ARR)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(c)(1)(B)(ii), 924(d)(1), 924(o),
981(a)(1)(C), 981(a)(1)(G), 1203(a),
1203(b)(1), 2332a(a), 2339A(a), 3238,
2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Provide Material Support for Acts of Terrorism)

    1.    In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally conspire to provide material support and resources, as defined in

Title 18, United States Code, Section 2339A(b), to wit: tangible and intangible property,

services, lodging, safehouses, weapons and personnel, including themselves and others,

knowing and intending that they were to be used in preparation for, and in carrying out, one

or more of the following violations of Title 18, United States Code: (a) taking hostage a

national of the United States, to wit: John Doe, an individual who is a dual citizen of the

United States and another country and whose identity is known to the Grand Jury, in

violation of Title 18, United States Code, Section 1203(a); and (b) threatening to use a

weapon of mass destruction, to wit: a destructive device, against a national of the United

States, to wit: John Doe, in violation of Title 18, United States Code, Section 2332a(a).

(Title 18, United States Code, Sections 2339A(a), 3238 and 3551 et seq.)

## COUNT TWO
(Provision and Attempted Provision of Material Support for Acts of Terrorism)

2. In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally provide and attempt to provide material support and resources,

as defined in Title 18, United States Code, Section 2339A(b), to wit: tangible and intangible

property, services, lodging, safehouses, weapons and personnel, including themselves and

others, knowing and intending that they were to be used in preparation for, and in carrying

out, one or more of the following violations of Title 18, United States Code: (a) taking

hostage a national of the United States, to wit: John Doe, in violation of Title 18, United

States Code, Section 1203(a); and (b) threatening to use a weapon of mass destruction, to

wit: a destructive device, against a national of the United States, to wit: John Doe, in

violation of Title 18, United States Code, Section 2332a(a).

(Title 18, United States Code, Sections 2339A(a), 3238, 2 and 3551 et seq.)

## COUNT THREE
(Hostage-Taking Conspiracy)

3.      In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally conspire to seize and detain, and threaten to kill, injure and

continue to detain a person, to wit: John Doe, in order to compel a third person and a

governmental organization to do an act, to wit: to pay a sum of United States currency, as an

explicit and implicit condition for the release of the person seized and detained.

(Title 18, United States Code, Sections 1203(a), 1203(b)(1), 3238 and 3551 et

seq.)

## COUNT FOUR
### (Hostage Taking)

4.      In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally seize and detain, and threaten to kill, injure and continue to

detain a person, to wit: John Doe, in order to compel a third person and a governmental

organization to do an act, to wit: to pay a sum of United States currency, as an explicit and

implicit condition for the release of the person seized and detained.

(Title 18, United States Code, Sections 1203(a), 1203(b)(1), 3238, 2 and 3551

et seq.)

## COUNT FIVE
### (Threatening a U.S. National with a Weapon of Mass Destruction)

5.      In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly, intentionally and without lawful authority threaten to use a weapon of mass

destruction, to wit: a destructive device, against a national of the United States, to wit: John

Doe, while such national was outside of the United States, to wit: in Somalia.

(Title 18, United States Code, Sections 2332a(a), 3238, 2 and 3551 et seq.)

## COUNT SIX
(Unlawful Use of Firearms)

6.      In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the

defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed,"

"Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye,"

who, after the conduct required for the offense occurred, was first brought to and found in the

Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did

knowingly and intentionally use and carry one or more firearms during and in relation to a

crime of violence, to wit: the crime charged in Count Five, and did knowingly and

intentionally possess such firearms in furtherance of said crime of violence, one or more of

which firearms was brandished and discharged, and one or more of which firearms included

a machinegun and a destructive device.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 3238, 2 and 3551 et seq.)

## COUNT SEVEN
(Firearms Conspiracy)

7.      In or about and between January 2012 and September 2014, both dates

being approximate and inclusive, in an offense begun and committed in Somalia and

elsewhere out of the jurisdiction of any particular State or district of the United States, the defendants MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed," "Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye," who, after the conduct required for the offense occurred, was first brought to and found in the Eastern District of New York, and ABDI YUSUF HASSAN, together with others, did knowingly and intentionally conspire to use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Five, and to possess such firearms in furtherance of said crime of violence, one or more of which firearms included a machinegun and a destructive device.

(Title 18, United States Code, Sections 924(o), 3238 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ONE THROUGH FIVE

      8.     The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Five, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic, (i) of any individual, entity or organization engaged in planning or perpetrating any federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any

person with the intent and for the purpose of supporting, planning, conducting or concealing any federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign Government.

9.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS SIX AND SEVEN

10.     The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts Six and Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

11.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#:2018R02136

FORM DBD-34
JUN. 85

No. 18-CR-603 (S-2) (ARR)

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*MOHAMED TAHLIL MOHAMED, also known as "Tahlil Mohamed," "Mohamed Tahlil," "Maxamed Tahliil Guure," "the Taliye" and "Mohamed the Taliye," and ABDI YUSUF HASSAN,*

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(d)(1), 924(o), 981(a)(1)(C), 981(a)(1)(G), 1203(a), 1203(b)(1), 2332a(a), 2339A(a), 3238, 2 and 3551 et seq.; T. 21, U.S.C., §853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                    *Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day, of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20 _*
                                                                                                        *Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*David W. Denton, Jr., Special Assistant U.S. Attorney, 212-637-2744*