UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,  :  18-cr-603 (ARR)
:
   -against-  :  NOT FOR PRINT OR
:  ELECTRONIC
ABDI YUSUF HASSAN  ::  PUBLICATION
:
                Defendant.  :  OPINION & ORDER
:
-------------------------------------------------------------------X

ROSS, United States District Judge:

      On August 3, 2020, I granted Abdi Yusuf Hassan's motion to appoint Dr. Nancy Franklin as an expert witness to testify on the subject of eyewitness identification. Opinion and Order, ECF No. 79. However, I instructed defendant to submit a new affidavit from Dr. Franklin, removing improper testimony that was present in the initial affidavit. Specifically, the affidavit impermissibly made statements that usurped the role of the jury. The defendant submitted a revised affidavit from Dr. Franklin on August 12, 2020. Nancy Franklin, [Revised] Expert Affidavit ("Rev. Franklin Aff."), ECF No. 83. The government argues that the revised affidavit continues to suffer from many of the same defects. *See* Govt. Ltr. Re: Eyewitness Expert Aff., ECF No. 85. As I will describe below, I agree with the government that certain portions of the affidavit continue to usurp the role of the jury and such statements will not be admissible at trial.

    **I.**    **Statements that Certain Factors are Relevant to This Case**

      In my decision granting the motion to appoint Dr. Franklin as an expert witness, I stated that her testimony will be limited to eyewitness identification factors which I find

1

relevant to this case. Opinion and Order 15 n.1. A factor will be relevant only if there is a sufficient factual predicate presented at trial. *Id.* Furthermore, even if I allow testimony on a particular factor, it will be up to the jury to decide how, if at all, Dr. Franklin's testimony on that factor relates to the facts of this case.

Dr. Franklin's revised affidavit purports to make this decision for the court and for the jury by stating, "Many of these factors appear to be present in the Hassan case." Rev. Franklin Aff. ¶ 7; *see also id.* ¶ 43 ("Several of these factors are present in the current case…"). Dr. Franklin will not be permitted to make such statements to the jury.[1]

## II. Jurors' Misconceptions Regarding Eyewitness Identification

Dr. Franklin's affidavit includes statements about the prevalence of mistaken beliefs about eyewitness identification. *Id.* ¶¶ 20, 37. Specifically, in her testimony on event stress, Dr. Franklin states:

> Despite the above well-established findings, about three-quarters of laypeople (who constitute prospective jurors) are not aware that stress reliably impairs memory for strangers' faces and event details, with nearly 40% mistakenly believing that it actually improves memory, the opposite of what is known to actually occur.

*Id.* ¶ 20. In discussing witness confidence, she states that "jurors' perception of witness confidence is one of the strongest predictors of their decisions regarding the defendant's guilt or innocence" and "confidence is perceptible to observers, who then find the witnesses to be more reliable regardless of their actual accuracy." *Id.* ¶ 37.

---

[1] The defendant states that "Dr. Franklin will not offer an opinion regarding which factors are present in the case unless the Government opens the door to such testimony." Def. Ltr. Re: Eyewitness Expert Aff., ECF No. 87. I cannot envision circumstances under which the government will have opened a door allowing an expert to usurp the role of the judge and jury.

2

This proposed testimony seeks to comment on what the jurors may already mistakenly believe. That is not Dr. Franklin's intended role as an expert. Instead, her role is to educate jurors by providing them information about factors that influence eyewitness identification. Any testimony about a layperson's typical beliefs is outside of the scope of relevant testimony.

### III. References to Guilt, Innocence, Perpetrators, Suspects, and Wrongful Convictions

The affidavit is rife with references to guilt, innocence, perpetrators, and suspects. *See e.g.* Rev. Franklin Aff. ¶¶ 22, 33, 40, 38–39. These words should not be present in this affidavit. They are terms of legal significance outside the scope of Dr. Franklin's testimony. Dr. Franklin should speak about the eyewitness identification research using more neutral terms. For example, she can refer to an identification as "accurate" or "inaccurate" or as "correct or "incorrect." References to a perpetrator or suspect can often be replaced with a neutral term such as "a person." Phrasing the psychological research on eyewitness identification in terms of guilt, innocence, perpetrators, and suspects risks juror confusion, bias against thee government, or usurping the role of the jury.

Similarly, the proposed testimony about wrongful convictions, *id.* ¶ 45, is inappropriate. Using the phrase "wrongful conviction" would be prejudicial to the government, and is not required to relay the content of psychological research regarding factors that affect eyewitness memory.

### IV. In Court Identifications

Almost all of the proposed testimony regarding in-court identifications is inappropriate. *Id.* ¶¶ 46–47. This section largely reads as a legal argument, citing case law and making a case against the use of in-court identification.

Dr. Franklin is permitted to testify that, "Showup procedures have been repeatedly found to increase the risk of false identifications," and provide scientific support for this proposition. But her statements directly advising against the use of this type of procedure are legal or policy arguments, not expert testimony.

### V.  Conclusion

The defendant is instructed to submit a second revised affidavit from Dr. Franklin on or before September 1, 2020. The purpose of this affidavit is to state Dr. Franklin's anticipated testimony at trial, so that I may provide guidance about the permissible scope of testimony. The affidavit should not include background information intended for the court but not to be presented to the jury, or any other statements that Dr. Franklin does not intend to offer at trial.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:     August 25, 2020
           Brooklyn, New York

4