UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                       :

UNITED STATES OF AMERICA             :       18-CR-603 (ARR)
                                         :

                                       :       <u>NOT FOR ELECTRONIC</u>
     -against-                   :       <u>OR PRINT PUBLICATION</u>
                                       :

ABDI YUSUF HASSAN,               :
                                       :       **OPINION & ORDER**
                   *Defendant.*        :
                                       :
------------------------------------------------------------------- X

ROSS, United States District Judge:

      Defendant Abdi Yusuf Hassan has been charged with several offenses stemming from his alleged involvement in the 2012 to 2014 kidnapping of journalist Michael Scott Moore. On August 5, 2019, Mr. Hassan filed an omnibus pretrial motion, requesting, *inter alia*, that I hold a *Wade* hearing to determine the reliability and propriety of Mr. Moore's out-of-court identification of Mr. Hassan via a photo lineup. I denied Mr. Hassan's motion the following year, finding that he had not "raise[d] more than speculation that" the identification procedures were impermissibly suggestive. Opinion & Order 7, ECF No. 79. Mr. Hassan now asks that I reconsider my order.

      When deciding a motion to reconsider in a criminal case, courts in this circuit generally apply "the Local Rule 6.3 standard for motions for reconsideration in civil cases." *United States v. Zedner*, No. 06-CR-717 (ADS), 2006 WL 6201757, at *3 (E.D.N.Y. Nov. 17, 2006) (citation and quotation marks omitted); *see also, e.g.*, *United States v. Reichberg*, No. 16-CR-468 (GHW), 2018 WL 6599465, at *8 (S.D.N.Y. Dec. 14, 2018). Under this standard, the moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *United States v. Almonte*,

No. 14-CR-86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014) (quoting *Schrader v. CSX Trans. Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reichberg*, 2018 WL 6599465, at *8 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

In support of his motion for reconsideration, Mr. Hassan argues that "two pieces of 'new evidence'" unavailable at the time of my earlier order call into question the propriety of Mr. Moore's identification of Mr. Hassan, which occurred on January 25, 2019.[1] First, he points to a January 23, 2019, email from one of the FBI agents assigned to the case to his colleagues stating: "If the [United States Attorney's Office] doesn't think [the raw reporting available at the time] is enough, I would think [Mr. Hassan's] appearance before the [grand jury] is the next step." Mr. Hassan also highlights testimony from FBI Special Agent Thomas Miller, who stated in a March 2022 suppression hearing that the FBI was aware that Mr. Hassan was "a person of note" when he entered the United States on January 25, 2019, but did not arrest him until February 15, 2019. According to Mr. Hassan, this evidence suggests that the FBI did not have a strong case against Mr. Hassan prior to Mr. Moore's January 25, 2019, identification, which in turn raises the possibility that Mr. Moore's identification "was the product of impermissibly suggestive conduct by law enforcement."

Mr. Hassan's current argument suffers from the same flaw as the argument he made in support of his original motion. As I explained in my order denying that motion, a defendant requesting a *Wade* hearing must "allege facts supporting his contention that the identification

---

[1] In his opening brief, Mr. Hassan also makes a number of other arguments regarding the unreliability of the photo lineup. But because these arguments are largely repetitive of those he raised in his 2019 motion, I do not consider them.

procedures used were impermissibly suggestive." *United States v. Williams*, 13-CR-580 (JMF), 2014 WL 144920, at *1 (S.D.N.Y. Jan. 15, 2014) (quotation marks and citation omitted). "Significantly, a defendant may not baldly request" such a hearing, *id.* (citation and quotation marks omitted), nor should a court grant one based on "mere speculation" of impropriety, *United States v. Swain*, 08-CR-1175 (JFK), 2011 WL 4348142, at *7 (S.D.N.Y. Aug. 16, 2011). Rather, "[a] threshold showing of suggestiveness is necessary in order to trigger a *Wade* hearing." *United States v. Berganza*, 03-CR-987 (DAB), 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005); *see also, e.g., Swain*, 2011 WL 4348142, at *7 (denying the defendant's request for a *Wade* hearing where his request was based on his "susp[icion] that the identification procedures may have been flawed"); *Williams*, 2014 WL 144920, at *2 (finding the defendant's desire "to develop a factual record from which [the] [c]ourt may divine the appropriateness of the identification procedures employed" to be a "patently insufficient basis for a [*Wade*] hearing" (alteration omitted)); *United States v. Giovanelli*, 747 F. Supp. 875, 885 (S.D.N.Y. 1989) (denying the defendant's request for a *Wade* hearing where the defendant failed to allege "any concrete grounds to suggest that any police identification procedures . . . were improper, unfair, or unduly suggestive").

Here, Mr. Hassan's argument is that, because FBI agents seemed to express some uncertainty prior to Mr. Moore's positive identification as to whether they had "enough" to arrest Mr. Hassan, the identification procedures they then used were likely impermissibly suggestive. But even accepting the weight and meaning Mr. Hassan ascribes to the use of the word "enough" in the January 23 email, this argument is simply speculation—while it's possible the agents, hoping to find grounds for an arrest, exerted undue pressure on Mr. Moore, it's at least as likely that their uncertainty played no role in how they presented the photo lineup. Thus, as in his original motion, Mr. Hassan has offered no "concrete grounds to suggest" that the identification procedure was

improper, *Giovanelli*, 747 F. Supp. at 885, relying instead on "hypothetical possibilities," Order 7.

That is not enough to "trigger a *Wade* hearing." *Berganza*, 2005 WL 372045, at *10.

Because the new evidence Mr. Hassan cites cannot "reasonably be expected to alter [my] conclusion" that a hearing is not warranted, *Almonte*, 2014 WL 3702598, at *1, I deny his motion for reconsideration.


SO ORDERED.



_____/s/_____

Allyne R. Ross
United States District Judge


Dated:        April 26, 2022
              Brooklyn, New York